1  DEBRA WONG YANG
   United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   SHERILYN PEACE GARNETT (Cal Bar No. 208318)
4  Assistant United States Attorneys
   Organized Crime and Terrorism Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3424
7       Facsimile: (213) 894-3713
        Email: sherilyn.garnett@usdoj.gov
8
   Attorneys for Plaintiff
9  United States of America

*SEND*

FILED
CLERK, U.S. DISTRICT COURT
NOV - 6 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

**NOTE CHANGES MADE BY THE COURT**

10              UNITED STATES DISTRICT COURT

11       FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,    )  Case No. CR 06-391-RMT
                                 )
13       Plaintiff,              )  STIPULATION REGARDING CONTINUANCE
                                 )  OF TRIAL DATE AND EXCLUDABLE TIME
14       v.                      )  UNDER SPEEDY TRIAL ACT; [PROPOSED]
                                 )  ORDER AND FINDINGS
15  STEVEN ERIK PROWLER,         )
                                 )  Current Trial Date:
16       Defendant.              )  November 14, 2006
                                 )
17                               )  Proposed Date:
                                 )  January 23, 2007
18  _____     )

19       Plaintiff United States of America, by and through its counsel

20  of record, the United States Attorney for the Central District of

21  California, and defendant Steven Erik Prowler, individually and by

22  his attorney of record, Deputy Federal Public Defender Christopher

23  W. Dybwad, hereby stipulate and agree as follows:

24       1.   Defendant was indicted by the grand jury on May 19, 2006,

25  for a violation of 18 U.S.C. § 2423(c), Engaging in Illicit Sexual

26  Conduct in Foreign Places.  On June 5, 2006, defendant was arraigned

27  on the indictment and trial was set for July 11, 2006. The Speedy

28  Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required

DOCKETED ON CM
NOV  7 2006
BY _____ 172

cc: PSA
    Cnsl

DOCKETED ON CM
NOV  7 2006

1 | that defendant's trial commence on or before July 28, 2006.

2 |     2.   On or about July 5, 2006, this Court, at the request of

3 | defendant, who stated he needed more time to review the discovery

4 | and prepare for trial, continued the trial of this matter from July

5 | 11, 2006, to November 14, 2006, and found the time period from July

6 | 11, 2006, to and including November 14, 2006, excludable within the

7 | meaning of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

8 |     3.   For the reasons set forth below, the parties request that

9 | the Court continue the trial from November 14, 2006, to January 23,

10 | 2007, and make the following findings:

11 |       a.   Defendant has filed a thirty-three (33) page Motion

12 | to Dismiss the Indictment ("Dismissal Motion"), which challenges

13 | Congress' enactment of 18 U.S.C. § 2423(c).  Specifically, the

14 | Dismissal Motion argues, among other things, that 18 U.S.C.

15 | § 2423(c) exceeds Congress' authority to regulate the channels of

16 | foreign commerce, that Congress does not have the authority to

17 | regulate lawful travel, that the prosecution of defendant violates

18 | international law, that this Court lacks jurisdiction over the

19 | prosecution, and that the Court's exercise of jurisdiction of the

20 | prosecution violates the Fifth Amendment to the United States

21 | Constitution.  Defendant's Dismissal Motion is still pending before

22 | this Court.

23 |       b.   Defendant also has filed a Motion to Suppress

24 | Evidence ("Suppression Motion"), which seeks to suppress a post-

25 | arrest statement made by defendant in Thailand to the Royal Thai

26 | Police.  Defendant's Suppression Motion is still pending before this

27 | Court.  Defendant noticed both of his Motions to be heard on

28 |

1   November 6, 3006.

2         c.   On October 24, 2006, the government filed an

3   unopposed _ex parte_ application for additional time to respond to the

4   Motions and for a modification of the briefing schedule.  With

5   respect to the Suppression Motion, the government advised the Court,

6   among other things, that, to the extent that a factual dispute

7   arises between the parties concerning the Suppression Motion, it may

8   be necessary to arrange for one or more of the law enforcement

9   agents to travel from Thailand to the United States to attend the

10   hearing on the Suppression Motion.  With respect to defendant's

11   Dismissal Motion, the government explained to the Court that,

12   because 18 U.S.C. § 2423(c) is a relatively new enactment by

13   Congress, and defendant's Dismissal Motion raises complex

14   constitutional and statutory challenges to the statute, extended

15   briefing may be necessary to adequately apprise the Court of the

16   parties respective positions.  The government's _ex parte_

17   application, if granted, will necessarily require that the current

18   trial date of November 14, 2006, be continued.

19         d.   Notwithstanding the pending defense Motions, the

20   parties require additional time to prepare for trial, assuming that

21   the pending defense Motions will not fully dispose of the case.

22         e.   The parties believe that the failure to grant a

23   continuance would deny them the reasonable time necessary for

24   effective preparation for trial, taking into account the exercise of

25   due diligence.

26         f.   Defense counsel has discussed defendant's rights

27   under the Speedy Trial Act with defendant.  Defendant understands

28

1  his rights and agrees to continue the trial from November 14, 2006,

2  to January 23, 2007, because defendant believes the additional time

3  is necessary for his counsel to be able to effectively prepare for

4  trial.

5          g.    Based on all of the above, the ends of justice served

6  by continuing the case as requested outweigh the interest of the

7  public and defendant in a trial within the original date prescribed

8  by the Speedy Trial Act.

9      4.    For the purpose of computing the time under the Speedy

10  Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

11  commence, the time period from November 14, 2006, to and including

12  January 23, 2007, is excludable pursuant to 18 U.S.C.

13  §§ 3161(h)(1)(F), (h)(8)(A), and (h)(8)(B)(iv) because defendant has

14  filed pretrial motions that are still pending before this Court and

15  because the parties have requested the continuance and the ends of

16  justice served by taking such action outweigh the best interest of

17  the public and defendant in a speedy trial.  Additionally, for the

18  reasons set forth above, failure to grant the continuance would deny

19  the parties the reasonable time necessary for effective preparation

20  for trial, taking into account the exercise of due diligence.

21      5.    The parties further stipulate and request that the Court

22  find that nothing in this stipulation shall preclude a finding that

23  ///

24  ///

25  ///

26  ///

27  ///

28

1   other provisions of the Speedy Trial Act dictate that additional

2   time periods are excludable.

3   IT IS SO STIPULATED.

4   DATED: October  November 3, 2006        Respectfully submitted,

5                                           DEBRA WONG YANG
                                            United States Attorney

6

7                                           THOMAS P. O'BRIEN
                                            Assistant United States Attorney

8                                           Chief, Criminal Division

9

10                                          SHERILYN PEACE GARNETT
                                            Assistant United States Attorney

11  DATED: October  November 3, 2006

12                                          CHRISTOPHER W. DYBWAD
                                            Attorney for defendant

13

14  DATED: October  November 3, 2006

15                                          STEVEN ERIK PROWLER
                                            Defendant

16

17                  FINDINGS AND [PROPOSED] ORDER

18        In accordance with the stipulation between the government,

19  defendant, and defendant's counsel of record, and based upon the

20  record in this case, THE COURT HEREBY FINDS as follows:

21        1.    The time period from November 14, 2006, to and including

22  January 23, 2007, is excludable pursuant to 18 U.S.C.

23  §§ 3161(h)(1)(F), (h)(8)(A), and (h)(8)(B)(iv) due to the following:

24        a.    Defendant has filed a thirty-three (33) page Motion

25  to Dismiss the Indictment, which challenges the enactment of 18

26  U.S.C. § 2423(c), and raises several Constitutional and statutory

27  arguments that will require extended briefing.  The Motion to

28

1  Dismiss is currently pending before this Court.

2        b.    Defendant has filed a Motion to Suppress, which seeks

3  to suppress certain statements made by defendant in Thailand to the

4  Royal Thai Police.  Defendant's Motion to Suppress likely will

5  require that law enforcement agents currently stationed in Thailand

6  and Cambodia travel to the United States to attend the hearing on

7  the Motion.  The Motion to Suppress is currently pending before this

8  Court.

9        c.    The government has filed an unopposed ex parte

10  application seeking additional time to respond to defendant's

11  Motions and seeking a modification of the briefing schedule, which,
    was            and
12  if granted, ~~will~~ necessarily requires that the current trial date of

13  November 14, 2006, be continued.

14        d.    The parties require additional time to prepare for

15  trial, assuming that the pending Defense Motions will not fully

16  dispose of the case.

17        e.    Failure to grant a continuance would deny them the

18  reasonable time necessary for effective preparation for trial,

19  taking into account the exercise of due diligence.

20        f.    Defense counsel has discussed defendant's rights

21  under the Speedy Trial Act with defendant.  Defendant understands

22  his rights and agrees to continue the trial from November 14, 2006,

23  to January 23, 2007, because defendant believes the additional time

24  is necessary for his counsel to effectively prepare for trial.

25        g.    Based on all of the above, the ends of justice served

26  by continuing the case as requested outweigh the interest of the

27  public and defendant in a trial within the original date prescribed

28

1 | by the Speedy Trial Act.

2 |     2.   For the purpose of computing the time under the Speedy
3 | Trial Act, 18 U.S.C. § 3161, et seq., within which trial must
4 | commence, the time period from November 14, 2006, to and including
5 | January 23, 2007, is excludable pursuant to 18 U.S.C.
6 | §§ 3161(h)(1)(F), (h)(8)(A), and (h)(8)(B)(iv) because defendant has
7 | filed pretrial motions that are still pending before this Court and
8 | because the parties have requested the continuance and the ends of
9 | justice served by taking such action outweigh the best interest of
10 | the public and defendant in a speedy trial.  Additionally, failure
11 | to grant the continuance would deny the parties the reasonable time
12 | necessary for effective preparation for trial, taking into account
13 | the exercise of due diligence.

14 |     3.   Nothing in this order shall preclude a finding that other
15 | provisions of the Speedy Trial Act dictate that additional time
16 | periods are excludable.

17 |     IT IS HEREBY ORDERED  that, for all the reasons set forth
18 | above, the time period from November 14, 2006, to and including
19 | January 23, 2007, inclusive, is deemed excludable time within the
20 | meaning of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161(h)(1)(F),
21 | (h)(8)(A), and (h)(8)(B)(iv).

22 |     IT IS FURTHER ORDERED that the trial in this matter is
23 | continued to January 23, 2007.

24 |     IT IS FURTHER ORDERED that the status conference in this matter
25 | is continued to January 8, 2007, at 9:30 a.m.
26 | DATED: November 6, 2006
       THE HONORABLE ROBERT M. TAKASUGI
27 |    United States District Judge

28 |

7

## CERTIFICATE OF SERVICE

I, **LORINDA CANTU** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of the United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California, 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of alifornia, at whose direction I served a copy of

**STIPULATION REGARDING CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER AND FINDINGS**

service was:

[X]Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[] Placed in a sealed envelope for collection and Mailing via United States Mail, addressed as follows:

[] By hand delivery addressed as follows:

[] By facsimile as follows:

**CHRISTOPHER W. DYBWAD
DEPUTY FEDERAL PUBLIC DEFENDER
321 EAST 2ND STREET
LOS ANGELES, CA 90012**

This Certificate is executed on , November 3, 2006  Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

LORINDA CANTU