1  GEORGE S. CARDONA
   Acting United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   SHERILYN PEACE GARNETT (Cal Bar No. 208318)
4  Organized Crime & Terrorism Section
   Assistant United States Attorneys
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3424
7       Facsimile: (213) 894-3713
        Email: sherilyn.garnett@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,    )  No. CR 06-391-RMT(A)
                                 )
13         Plaintiff,            )  PLEA AGREEMENT FOR DEFENDANT STEVEN
                                 )  ERIK PROWLER
14            v.                 )
                                 )
15  STEVEN ERIK PROWLER,         )
                                 )
16         Defendant.            )
                                 )
17  _____)

18        1.    This constitutes the conditional plea agreement between

19  STEVEN ERIK PROWLER ("defendant") and the United States

20  Attorney's Office for the Central District of California ("the

21  USAO") in the above-captioned case pursuant to Federal Rule of

22  Criminal Procedure 11(a)(2).  This agreement is limited to the

23  USAO and cannot bind any other federal, state or local

24  prosecuting, administrative or regulatory authority.

25                             PLEA

26        2.    Defendant agrees to plead guilty to Counts Four and Ten

27  of the First Superseding Indictment in United States v. Steven

28  Erik Prowler, Case No. CR 06-391-RMT(A).  Defendant's guilty

    pleas are conditional, in that defendant reserves the right, on

1  appeal from the judgment, to seek review of the adverse
2  determination of defendant's Motion to Dismiss the Indictment.
3  If defendant prevails on appeal, defendant will be allowed to
4  withdraw defendant's guilty pleas.

5                           NATURE OF THE OFFENSE

6       3.    In order for defendant to be guilty of Count Four,
7  which charges a violation of Title 18, United States Code,
8  Section 2423(c), the following must be true:

9            (1) Defendant is a United States citizen or permanent
10 resident;

11           (2) Defendant traveled in foreign commerce; and

12           (3) Defendant engaged in illicit sexual conduct with another
13 person.

14      In order for defendant to be guilty of Count Ten, which
15 charges a violation of Title 18, United States Code, Section
16 2423(b), the following must be true:

17           (1) Defendant is a United States citizen or permanent
18 resident; and

19           (2) Defendant traveled in foreign commerce with the intent
20 to engage in illicit sexual conduct with another person.

21      The term "illicit sexual conduct," as defined in Title 18,
22 United States Code, Section 2423(f), means either (a) a sexual
23 act with a person under 18 years of age that would be in
24 violation of chapter 109A of the United States Code if the sexual
25 act occurred in the special maritime and territorial jurisdiction
26 of the United States; or (b) any commercial sex act with a person
27 under 18 years of age.

28      The term "sexual act," as defined in Title 18, United States

                                  2

1  Code, Section 2246(2), includes: (1) "contact between the mouth
2  and the penis, the mouth and the vulva, or the mouth and the
3  anus;" or (2) "the intentional touching, not through the
4  clothing, of the genitalia of another person who has not attained
5  the age of 16 years with an intent to abuse, humiliate, harass,
6  degrade, or arouse or gratify the sexual desire of any person.

7      The term "commercial sex act," as defined in Title 18,
8  United States Code, Section 1591, means any sex act, on account
9  of which anything of value is given to or received by any person.

10     Defendant admits that defendant is, in fact, guilty of these
11  offenses as described in Counts Four and Ten of the First
12  Superseding Indictment.

13                    PENALTIES AND RESTITUTION

14     4.    The statutory maximum sentence that the Court can
15  impose for the violation of Title 18, United States Code, Section
16  2423(c), charged in Count Four is: 30 years imprisonment; a
17  lifetime period of supervised release; a fine of $250,000 or
18  twice the gross gain or gross loss resulting from the offense,
19  whichever is greatest; and a mandatory special assessment of
20  $100.

21     The statutory maximum sentence that the Court can impose for
22  a violation of Title 18, United States Code, Section 2423(b),
23  which is charged in Count Ten, is: 30 years imprisonment; a
24  lifetime period of supervised release; a fine of $250,000 or
25  twice the gross gain or gross loss resulting from the offense,
26  whichever is greatest; and a mandatory special assessment of
27  $100.

28     Therefore, the total maximum sentence for all offenses to

3

1  which defendant is pleading guilty is: 60 years imprisonment; a
2  lifetime period of supervised release; a fine of $500,000 or
3  twice the gross gain or gross loss resulting from the offenses,
4  whichever is greatest; and a mandatory special assessment of
5  $200.

6      5.    Supervised release is a period of time following
7  imprisonment during which defendant will be subject to various
8  restrictions and requirements.  Defendant understands that if
9  defendant violates one or more of the conditions of any
10 supervised release imposed, defendant may be returned to prison
11 for all or part of the term of supervised release, which could
12 result in defendant serving a total term of imprisonment greater
13 than the statutory maximum stated above.

14     6.    Defendant further understands that, pursuant to Title
15 18, United States Code, Section 3583(d), defendant will be
16 required to register as a sex offender as a condition of
17 supervised release.  Defendant further understands that should he
18 reside in California, he will be subject to the registration
19 requirements of California Penal Code Section 290.  Defendant
20 further understands that, under Title 18, United States Code,
21 Section 4042(c), notice will be provided to certain law
22 enforcement agencies upon his release from confinement following
23 conviction.

24     7.    Defendant further understands that the convictions in
25 this case may subject defendant to various collateral
26 consequences, including but not limited to, deportation,
27 revocation of probation, parole, or supervised release in another
28 case, and suspension or revocation of a professional license.

4

1  Defendant understands that unanticipated collateral consequences
2  will not serve as grounds to withdraw defendant's guilty pleas.

3      8.   Defendant agrees to make full restitution for the
4  losses caused by defendant's activities.  Defendant agrees that,
5  in return for the USAO's compliance with its obligations under
6  this agreement, the amount of restitution is not restricted to
7  the amounts alleged in the counts to which defendant is pleading
8  guilty and may include losses arising from counts dismissed
9  pursuant to this agreement as well as all relevant conduct in
10 connection with those counts.  Defendant further agrees that
11 defendant will not seek the discharge of any restitution
12 obligation, in whole or in part, in any present or future
13 bankruptcy proceeding.

14                          FACTUAL BASIS

15     9.   Defendant and the USAO agree and stipulate to the
16 statement of facts provided below.  This statement of facts
17 includes facts sufficient to support defendant's pleas of guilty
18 to the charges described in this agreement and to establish the
19 United States Sentencing Guidelines ("U.S.S.G." or "Sentencing
20 Guidelines") factors.  It is not meant to be a complete
21 recitation of all facts relevant to the underlying criminal
22 conduct or of all facts known to defendant that relate to that
23 conduct.

24     At all times relevant to the offenses charged in the First
25 Superseding Indictment, defendant was, and continues to be, a
26 United States citizen with a last known address in Los Angeles,
27 California.
28 ///

                                5

1  <u>Count Four</u>

2  On or about April 17, 2005, defendant traveled in foreign
3  commerce from Los Angeles, California, to Bangkok, Thailand, on a
4  non-immigrant Visa.  On May 10, 2005, while defendant was still
5  residing in Thailand pursuant to the Visa, defendant engaged in a
6  commercial sex act with John Doe A, a Thai male minor who
7  defendant referred to by the name of "Jack" and who, at the time
8  of the commercial sex act, defendant knew was approximately
9  fifteen years old.  Defendant performed oral sex on John Doe A
10  and received oral sex from John Doe A.  In return, defendant paid
11  John Doe A approximately 200 baht (approximately $6.00 U.S.).

12  <u>Count 10</u>

13  On or about October 24, 2004, defendant traveled from Los
14  Angeles, California, to Bangkok, Thailand, pursuant to a non-
15  immigrant Visa with the dominant purpose of engaging in
16  commercial sex acts with minors that he knew were under the age
17  of eighteen.  While in Thailand, defendant engaged in commercial
18  sex acts with minors, who, at the time of the commercial sex
19  acts, were each under the age of eighteen.

20  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21  10.  By pleading guilty, defendant gives up the following
22  rights:

23  a)  The right to persist in a plea of not guilty.

24  b)  The right to a speedy and public trial by jury.

25  c)  The right to the assistance of counsel at trial,
26  including, if defendant could not afford an attorney, the right
27  to have the Court appoint one for defendant.

28  d)  The right to be presumed innocent and to have the

6

1 burden of proof placed on the government to prove defendant
2 guilty beyond a reasonable doubt.

3         e)    The right to confront and to cross-examine
4 witnesses against defendant.

5         f)    The right, if defendant wished, to testify on
6 defendant's own behalf and to present evidence in opposition to
7 the charges, including the right to call witnesses and to
8 subpoena those witnesses to testify.

9         g)    The right not to be compelled to testify, and, if
10 defendant chose not to testify or present evidence, to have that
11 choice not be used against defendant.

12       By pleading guilty, defendant also gives up any and all
13 rights to pursue any affirmative defenses, Fourth Amendment or
14 Fifth Amendment claims, and other pretrial motions that have been
15 filed or could be filed.

16                      WAIVER OF DNA TESTING

17       11.   Defendant has been advised that the government has in
18 its possession the following items of physical evidence, as well
19 as other evidence, that could be subjected to DNA testing: (1)
20 used tissue containing what is believed to be human semen; (2)
21 handwritten journals; (3) pubic hair; (4) bottles of lubricant;
22 and (5) photographs.  Defendant understands that the government
23 does not intend to conduct DNA testing of any of these items.
24 Defendant understands that, before entering his guilty pleas
25 pursuant to this agreement, defendant could request DNA testing
26 of evidence in this case.  Defendant further understands that,
27 with respect to the offenses to which defendant is pleading
28 guilty pursuant to this agreement, defendant would have the right

                            7

1    to request DNA testing of evidence after conviction under the
2    conditions specified in Title 18, United States Code, Section
3    3600.  Knowing and understanding defendant's right to request DNA
4    testing, defendant knowingly and voluntarily gives up that right
5    with respect to both the items referenced in this paragraph and
6    any other items of evidence in this case that might be amenable
7    to DNA testing.  Defendant understands and acknowledges that by
8    giving up this right, defendant is giving up any ability to
9    request DNA testing of evidence in this case in the current
10   proceeding, in any proceeding after conviction under Title 18,
11   United States Code, Section 3600, and in any other proceeding of
12   any type.  Defendant further understands and acknowledges that by
13   giving up this right, defendant will never have another
14   opportunity to have the evidence in this case submitted for DNA
15   testing, or to employ the results of DNA testing to support a
16   claim that defendant is innocent of the offenses to which
17   defendant is pleading guilty.

18                    SENTENCING FACTORS AND SENTENCE

19        12.  Defendant understands that the Court is required to
20   consider the Sentencing Guidelines among other factors in
21   determining defendant's sentence.  Defendant understands,
22   however, that the Sentencing Guidelines are only advisory, and
23   that after considering the Sentencing Guidelines, the Court will
24   determine the facts and calculations relevant to sentencing and
25   decide whether to agree to be bound by this agreement.

26        13.  Defendant and the USAO have no agreement as to the
27   appropriate sentence or the applicable Sentencing Guidelines
28   factors.  Both parties reserve the right to seek any sentence

1 within the statutory maximum, and to argue for any criminal
2 history category and score, offense level, specific offense
3 characteristics, adjustments and departures.

4   14.   The stipulations in this agreement do not bind either
5 the United States Probation Office or the Court.  Both defendant
6 and the USAO are free to: (a) supplement the facts by supplying
7 relevant information to the United States Probation Office and
8 the Court, and (b) correct any and all factual misstatements
9 relating to the calculation of the sentence.

10                     DEFENDANT'S OBLIGATIONS

11   15.   Defendant agrees that he will:

12        a) Plead guilty as set forth in this agreement.

13        b) Not knowingly and willfully fail to abide by all
14 sentencing stipulations contained in this agreement.

15        c) Not knowingly and willfully fail to: (i) appear as
16 ordered for all court appearances, (ii) surrender as ordered for
17 service of sentence, (iii) obey all conditions of any bond, and
18 (iv) obey any other ongoing court order in this matter.

19        d) Not commit any crime; however, offenses which would
20 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
21 not within the scope of this agreement.

22        e) Not knowingly and willfully fail to be truthful at
23 all times with Pretrial Services, the U.S. Probation Office, and
24 the Court.

25        f) Pay the applicable special assessments at or before
26 the time of sentencing unless defendant lacks the ability to pay.

27
28

                              9

1          THE USAO'S OBLIGATIONS

2     16.   If defendant complies fully with all of defendant's
3 obligations under this agreement, the USAO agrees:

4          a)   To abide by all sentencing stipulations contained
5 in this agreement.

6          b)   At the time of sentencing, to move to dismiss the
7 remaining counts as against defendant.  Defendant agrees,
8 however, that at the time of sentencing the Court may consider
9 the dismissed counts in determining the applicable Sentencing
10 Guidelines range, where the sentence should fall within that
11 range, the propriety and extent of any departure from that range,
12 and the determination of the sentence to be imposed after
13 consideration of the Sentencing Guidelines and all other relevant
14 factors.

15         c)   At the time of sentencing, provided that defendant
16 demonstrates an acceptance of responsibility for the offenses up
17 to and including the time of sentencing, to recommend a two-level
18 reduction in the applicable Sentencing Guideline offense level,
19 pursuant to U.S.S.G. § 3E1.1, and, if necessary, to move for an
20 additional one-level reduction if available under that section.

21          BREACH OF AGREEMENT

22    17.   If defendant, at any time between the execution of this
23 agreement and defendant's sentencing on a non-custodial sentence
24 or surrender for service on a custodial sentence, knowingly
25 violates or fails to perform any of defendant's obligations under
26 this agreement ("a breach"), the USAO may declare this agreement
27 breached.  If the USAO declares this agreement breached, and the
28 Court finds such a breach to have occurred, defendant will not be

1 able to withdraw defendant's guilty pleas, and the USAO will be
2 relieved of all of its obligations under this agreement.

3     18. Following a knowing and willful breach of this
4 agreement by defendant, should the USAO elect to pursue any
5 charge that was either dismissed or was not filed as a result of
6 this agreement, then:

7     a) Defendant agrees that any applicable statute of
8 limitations is tolled between the date of defendant's signing of
9 this agreement and the commencement of any such prosecution or
10 action.

11     b) Defendant gives up all defenses based on the statute
12 of limitations, any claim of preindictment delay, or any speedy
13 trial claim with respect to any such prosecution, except to the
14 extent that such defenses existed as of the date of defendant's
15 signing of this agreement.

16     c) Defendant agrees that: i) any statements made by
17 defendant, under oath, at the guilty plea hearing; ii) the
18 stipulated factual basis statement in this agreement; and iii)
19 any evidence derived from such statements, are admissible against
20 defendant in any future prosecution of defendant, and defendant
21 shall assert no claim under the United States Constitution, any
22 statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
23 the Federal Rules of Criminal Procedure, or any other federal
24 rule, that the statements or any evidence derived from any
25 statements should be suppressed or are inadmissible.

26             RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27     19. Defendant agrees that if any count of conviction is
28 vacated, reversed, or set aside, the USAO may: (a) ask the Court

1  to resentence defendant on any remaining counts of conviction,
2  (b) ask the Court to void the entire plea agreement and vacate
3  defendant's guilty pleas on any remaining counts of conviction,
4  with both the USAO and defendant being released from all of their
5  obligations under this agreement, or (c) leave defendant's
6  remaining convictions, sentence, and plea agreement intact.
7  Defendant agrees that the choice among these three options rests
8  in the exclusive discretion of the USAO.

9                        COURT NOT A PARTY

10      20.   The Court is not a party to this agreement and need not
11  accept any of the USAO's sentencing recommendations or the
12  parties' stipulations.  Even if the Court ignores any sentencing
13  recommendation, finds facts or reaches conclusions different from
14  any stipulation, and/or imposes any sentence up to the maximum
15  established by statute, defendant cannot, for that reason,
16  withdraw defendant's guilty pleas, and defendant will remain
17  bound to fulfill all defendant's obligations under this
18  agreement.  No one - not the prosecutor, defendant's attorney, or
19  the Court - can make a binding prediction or promise regarding
20  the sentence defendant will receive, except that it will be
21  within the statutory maximum.

22                    NO ADDITIONAL AGREEMENTS

23      21.   Except as set forth herein, there are no promises,
24  understandings or agreements between the USAO and defendant or
25  defendant's counsel.  Furthermore, no additional agreement,
26  understanding, or condition may be entered into unless
27  memorialized in a writing signed by all parties or stated on the
28  record in court.

                              12

FEB-14-2007  16:76    U.S. Attorneys Office                           213 894 3739  P.03

1        This agreement is effective upon signature by defendant and
2   an Assistant United States Attorney.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
    GEORGE S. CARDONA
6   Acting United States Attorney

7

8   _____          Date 2/16/07
    SHERILYN PEACE GARNETT
9   Assistant United States Attorney

10       I, Steven Erik Prowler, have read this agreement and
11  carefully discussed every part of it with my attorney.  I
12  understand the terms of this agreement, and I voluntarily agree
13  to those terms.  My attorney has advised me of my rights, of
14  possible defenses, of the Sentencing Guideline provisions, and of
15  the consequences of entering into this agreement.  No promises or
16  inducements have been made to me other than those contained in
17  this agreement.  No one has threatened or forced me in any way to
18  enter into this agreement.  Finally, I am satisfied with the
19  representation of my attorney in this matter.

20  _____          Date 2/14/07
    STEVEN ERIK PROWLER
21  Defendant

22       I am Steven Erik Prowler's attorney.  I have carefully
23  discussed every part of this agreement with my client.  Further,
24  I have fully advised my client of his rights, of possible
25  defenses, of the Sentencing Guideline provisions, and of the
26  consequences of entering into this agreement.  To my knowledge,
27  ///
28  ///

                                    13

1  my client's decision to enter into this agreement is an informed

2  and voluntary one.

3

4  CHRISTOPHER DYBWAD                               2/15/07
                                                    Date
5  Deputy Federal Public Defender

6  Counsel for Defendant
   STEVEN ERIK PROWLER
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              14