ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
SHERILYN PEACE GARNETT (Cal. Bar No. 208318)
Assistant United States Attorney
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-3424
     Facsimile:  (213) 894-6436
     E-Mail:   sherilyn.garnett@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-391(A)-CBM |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT STEVEN ERIK PROWLER'S OBJECTIONS TO CONDITIONS OF SUPERVISED RELEASE |
| v. | |
| STEVEN ERIK PROWLER, | Date:  April 19, 2010 |
| Defendant. | Time:  1:30 p.m. |
| | Place: Courtroom of the Honorable Consuelo B. Marshall |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files the Government's Response to Defendant Steven Erik Prowler's Objections to the Conditions of Supervised Release.

///
///
///
///
///
///

The government's response is based on the attached memorandum of points and authorities, the government's sentencing position re: sentencing factors, the declaration of Gary J. Kiernan and exhibits, the record and other filings in this case, and any argument that the Court may request at the sentencing hearing.

DATED: April 16, 2010

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_/s/_____
SHERILYN PEACE GARNETT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**[1]

**I.**

**INTRODUCTION**

Defendant has objected to conditions 4 through 7 and 9 through 13 of the United States Probation Office's recommended supervised conditions. As argued more fully below, however, these conditions are appropriate, they are reasonably related to defendant's history and characteristics, and they involve no greater deprivation of liberty than is reasonably necessary to achieve the purposes of sentencing.

**II.**

**ARGUMENT**

**THE COURT SHOULD IMPOSE EACH OF THE SPECIAL CONDITIONS RECOMMENDED BY THE UNITED STATES PROBATION OFFICE**

District courts have wide discretion in fashioning a defendant's conditions during supervised release. United States v. Williams, 356 F.3d 1045, 1052 (9th Cir. 2004); United States v. Rearden, 349 F.3d 608, 618 (9th Cir. 2003). Supervised release conditions need not relate to the offense for which the defendant has been convicted so long as they are "reasonably related to the goal of deterrence, protection of the public, or rehabilitation to the offender." United States v. T.M., 330 F.3d 1235, 1240 (9th Cir. 2003). Thus, a court may impose a

---

[1] Government counsel apologizes for filing this document on the Friday before the scheduled sentencing hearing. Government counsel was under the mistaken belief that a response to the defendant's objections to supervised release had already been filed and did not realize this error until April 16, 2010, when reviewing the Clerks' Record for the case.

1

special condition of supervised release to the extent that such condition is reasonably related to the factors set forth in Title 18, United States Code, Section 3553(a), involves no greater deprivation of liberty than is reasonably necessary, and is consistent with any pertinent policy statements issued by the Sentencing Commission. <u>United States v. Weber</u>, 451 F.3d 552, 558 (9th Cir. 2006).

<u>Government's Response Re: Conditions 4 through 7</u>:

Defendant argues that conditions 4 through 7 should not be imposed because the present offenses did not involve a computer. As stated previously, however, the Ninth Circuit does not require that supervised release conditions relate to the offense for which the defendant has been convicted, so long as they are "reasonably related to the goal of deterrence, protection of the public, or rehabilitation to the offender." <u>United States v. T.M.</u>, 330 F.3d at 1240.

Here, conditions 4 through 7 are reasonably related to the goals set forth in Section 3553(a) and involve no greater deprivation of liberty than is reasonably necessary to further these goals. Defendant's history and characteristics reflect illegal conduct involving computers and/or computer-related devices. As defendant's own admissions show, defendant produced child pornography using the victims of his child exploitation then caused the child pornography to be distributed to another child predator using a "scanner." Specifically, in a journal entry dated February 6, 2005, defendant wrote, ". . . I voluntarily showed [a fellow child exploiter] some of my porno shots. I let him take some doubles. He said he'd scan them for

himself then return them." Kiernan Decl., ¶ 7(m), Exh. G. Additionally, defendant viewed child pornography that had been "encrypted" on another child predator's computer. Specifically, in a journal entry dated March 14, 2005, defendant wrote:

> Before dinner, I easily prevailed upon [a fellow child exploiter] to show me some of his encrypted color photos of boys, the quality & utter ball-blasting nature of these pix just blew me away. It makes my little x-rated B & W collection look like scanty junk. I just couldn't believe what I saw & it was the first time ever that I got to see another B.L.s pix of his own boys. So [the fellow child exploiter] has seen my photos & now I've seen his. It was a night at his place that I'll long remember .
> . . .

Kiernan Decl., ¶ 7(n), Exh. G.

The aforementioned references demonstrate that defendant has used computers and/or computer-related devices in the past to exploit children. Thus, conditions 4 through 7 are reasonably related to the important goals of deterring defendant during the period of supervision from reverting to similar conduct in the future. Specifically, conditions 4 through 7 are designed to ensure that defendant uses computers and computer-related devices appropriately and not for accessing, distributing, or receiving child pornography. Additionally, condition 6 serves to deter future crimes and provides a mechanism for the Probation Officer to supervise defendant's conduct. Neither it nor the other conditions relating to

3

defendant's use of computers and computer-related devices precludes defendant from using computers and computer-related devices. Rather, it merely places a limitation on how such equipment is used. Accordingly, for all of the foregoing reasons, imposition of conditions 4 through 7 is appropriate in this case.

Government's Response Re: Condition 9:

Defendant objects to condition 9, arguing that this condition is overbroad, violates defendant's Fifth Amendment rights, and infringes defendant's liberty.[2] Defendant apparently does not dispute that he would benefit from sex offender counseling and treatment in general, but he appears to insist on controlling and deciding his treatment options. The Court should reject defendant's attempt to dictate the terms of his sex offender treatment.[3]

The nature and circumstances of defendant's offense demonstrate his sexual desire for children. In such a case, the treatment professionals, not defendant, should be allowed to dictate the best course of treatment. See e.g., United States v. Fellows, 157 F.3d 1197, 1203 (9th Cir. 1998)(upholding condition that defendant convicted of child pornography possession participate in sex offender treatment and follow

---

[2] The government has no objection to the Court precluding plethysmograph testing from defendant's sex offender treatment program.

[3] Should it become apparent during the course of treatment that inpatient treatment is not appropriate, the district court retains the discretion to alter the condition at that time. See 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1.

4

"lifestyle restrictions or treatment requirements" imposed by therapists); United States v. Prochner, 417 F.3d 54, 63-64 (1st Cir. 2005)(affirming imposition of sex offender treatment even though the "conviction did not involve a sex-related offense and [defendant had] never been accused of sexual assault" because of evidence in record suggesting the defendant's desire to have sexual relationships with minor boys). Because defendant's participation in a sex offender treatment program is reasonably related to the purposes of supervised release, defendant's disagreement about the efficacy of certain treatment options should not prevent the treatment professional from employing such tools in fashioning an effective treatment program for defendant.

Further, the Ninth Circuit has already considered and rejected similar Fifth Amendment and liberty interest challenges to such a condition, insofar as the condition allows for so-called "Abel testing" and polygraph testing. See United States v. Stoterau, 524 F.3d 988, 1003-04 (9th Cir. 2008) (holding that polygraph testing as a condition of supervised release does not infringe on a defendant's Fifth Amendment rights because the defendant continues to retain such rights during the polygraph examination) cert denied, 129 S. Ct. 957, 173 L. Ed. 2d 153, 77 USLW 3398 (U.S. Jan. 12, 2009) (No. 08-7566); United States v. Daniels, 541 F.3d 915, 926 (9th Cir. 2008) (rejecting a defendant's liberty interest challenge to Abel testing because Abel testing does not implicate a particularly significant liberty interest) cert denied, 129 S. Ct. 1600, 173 L. Ed. 2d 687, 77 USLW 3505 (U.S. March 9, 2009) (No. 08-8519)).

Accordingly, the Court should impose condition 9 as a condition of defendant's supervised release.

Government's Response Re: Condition 10:

Defendant objects to condition 10's requirement that he pay all or part of the cost of mental health treatment. However, an identical challenge to such a payment condition has already been considered by the Ninth Circuit and rejected. See United States v. Soltero, 510 F.3d 858, 864-65 (9th Cir. 2007), cert denied, 129 S. Ct. 35, 172 L. Ed.2d 48, 77 USLW 3198 (U.S. Oct. 6, 2008) (No. 07-9900). Thus, such a condition is valid.

Moreover, defendant's challenge is based on the mistaken premise that, in imposing this condition, this Court will delegate the responsibility not only to determine defendant's ability to pay for treatment, but also to decide whether he should have to pay for such treatment at all. The proposed condition unequivocally states, however, that defendant "shall pay" all or part of the costs; thus, the only issue delegated to the Probation Officer will be the detail of whether, depending on ability to pay, defendant will have to pay "all" costs or only "part of the costs." As such, this is not an improper delegation of authority to the Probation Officer.

Government's Response Re: Condition 11:

Defendant argues that condition 11 is overbroad and would prohibit defendant from possessing adult pornography. However, in Rearden, the Ninth Circuit rejected a similar overbreadth argument challenging a substantially similar condition prohibiting the defendant from possessing "any materials depicting sexually explicit conduct as defined by 18 U.S.C.

6

§ 2256(2)." See Rearden, 349 F.3d at 619. The restriction was upheld because "[a] defendant's right to free speech may be abridged to effectively address [his] sexual deviance problem," id. (internal quotation marks omitted) (second alteration in original), and because the restriction furthered the goals of rehabilitation and protecting the public, id. at 620. See also Daniels, 541 F.3d at 927 (upholding district court's imposition of the special condition limiting defendant's possession of materials depicting sexually explicit conduct, in part, because the condition furthered the goals of rehabilitating the defendant and protecting the public). Given defendant's extensive history of child exploitation, condition 11 is reasonable, appropriate, and involves no greater deprivation of liberty than is reasonably necessary to address defendant's sexual deviance problem. The Court should therefore impose this condition.

Government's Response Re: Condition 12:

Defendant argues that condition 12 is overbroad and would prohibit defendant from possessing his own presentence report. To address the overbreadth concern for condition 12, the government proposes that the following language be added to the end of condition 12, "with the following exceptions: defendant may possess legal materials (such as statutes, cases, and the presentence report) necessary for the purposes of bringing a collateral challenge to his sentence." See United States v. Cope, 527 F.3d 944, 957-58 (9th Cir. 2008)(suggesting modifications to address similar overbreadth concern)(cert denied, 129 S. Ct. 321, 172 L. Ed. 2d 232, 77 USLW 3207 (U.S.

Oct. 6, 2008) (No. 08-5912). With this modification, the government submits that the condition is proper and a reasonable restriction designed to address defendant's sexual deviance problems. See Rearden, 349 F.3d at 619.

Government's Response Re: Condition 13:

Defendant objects to condition 13, arguing that it is a greater deprivation of liberty that is necessary. However, such a condition is reasonably related to the goals of specific deterrence. As the Ninth Circuit reasoned in Stoterau, "The mail and the Internet are both channels for the transmission of child pornography" and "[i]t is reasonable to infer that people may choose to receive mail at non-residential locations when they are attempting to conceal their identity." Id. at 1008. Further, this condition does not preclude defendant from receiving mail. Nor does it preclude him from have a mail box at his place of residence. Additionally, defendant may still utilize a post office box with the approval of the United States Probation Officer. Thus, the condition does not impose a greater limitation on liberty than is reasonably necessary. See Id. Accordingly, imposition of condition 13 is both reasonable and appropriate in this case.

## III.

## CONCLUSION

For all the foregoing reasons, the government respectfully requests that the Court impose supervised release conditions 1 through 13 recommended by the United States Probation Office.