UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ERIK PROWLER,<br><br>Defendant. | No. CR 06-00391 CBM<br><br>FINDINGS RE: SENTENCING |

The matter before this Court is the imposition of sentence for Defendant Steven Erik Prowler.

Defendant was charged with 10 counts in the first superseding indictment. Counts 1 and 3 charge a violation of 18 U.S.C. §2423(c) traveling from Los Angeles to Thailand, where he engaged in illicit sexual conduct with boys under the age of 18 years. Count 1 charged Defendant for conduct commencing March 17, 2003 through April 10, 2003. Counts 2 and 3 charged Defendant for conduct commencing March 17, 2003 through June, 10, 2003 and June 12, 2003, respectively. Counts 5 through 9 charged violations of 18 U.S.C. §2423(c) for similar conduct, but on different dates commencing October 24, 2004.

1

Defendant pled guilty to Counts 4 and 10. Count 4 charges a violation of 18 U.S.C. §2423(c) based on Defendant's April 17, 2005 travel from Los Angeles, California, to Bangkok, Thailand, on a non-immigrant Visa. On May 10, 2005, while Defendant was still residing in Thailand pursuant to the Visa, Defendant engaged in a commercial sex act with John Doe A, a Thai male minor, as defined in 18 U.S.C. § 2423(f). Count 10 charges a violation of §2423(b), traveling from Los Angeles to Thailand on October 24, 2004, for the purpose of engaging in illicit sexual conduct. All remaining counts were dismissed.

Defendant admitted that while living in Thailand in 2000, Defendant started seeing adolescent boys for oral sex. He said he would both give and receive oral sex with 5 to 7 boys a month.

Defendant admitted taking photographs of boys, such photographs were found in his apartment.

Defendant admitted going to an internet café and downloading photos and drawings of young boys without clothing.

Defendant said that he would ask boys to cut their own pubic hair which he would collect in bags as a souvenir or memento of the sexual activities with said boys. Police recovered from Defendant's home numerous pubic hair cuttings that were stored in either envelopes or small pill boxes.

When asked how many boys he had been with sexually since 1997 to 1999, Defendant initially replied 6 to 7 boys per month. He then amended his response to 3 to 4 boys per month.

In calculating guidelines the Court found as follows:

| | |
|---|---|
| Base offense level: U.S.S.G. §2G1.3: | 24 |
| Specific offense characteristics: U.S.S.G. § 2G1.3(b)(4): | 2 |
| Role in the office: | 0 |
| Victim adjustment: U.S.S.G. § 3B1.4: | 2 |
| Obstruction of justice: | 0 |
| Adjusted offense level: | 28 |
| Multiple count adjustment: U.S.S.G. § 3D1.2: | 4 |
| Pattern of activity: U.S.S.G. § 4B1.5(b): | 4 |
| Acceptance of responsibility: | -3 |
| Total offense level: | 33 |
| Criminal history category: | 1 |
| Guideline sentence: | 151-188 months |
| Supervised release: | Life |
| Fine: | Not applicable |

The guidelines that are used for purposes of calculating sentences is the guideline of 2006, with which both sides agree.

Defendant negotiated a plea with the Government wherein paragraph 16b, he specifically acknowledged that the Court could consider the dismissed counts in calculating the guideline range and the Court has done so.

U.S.S.G. §3D1.2(b) was applied pursuant to U.S.S.G. §2G1.3(d)(1). The Court grouped the Counts together because they involved two or more acts or transactions connected by a common criminal objective constituting part of a common scheme or plan. The conduct which is the basis of the multiple count adjustment is the conduct engaged in

with Minors A-F; Minor A is included in Count 4; Minors C, D and E the conduct of November 14, 2004 and Minor F, the conduct of December 19, 2004.

Defendant admits in his handwritten journal that while traveling in Thailand he engaged in commercial sex acts with Minors C, D, and E. The Court finds defendant engaged in prohibited sexual conduct on at least two separate occasions with a minor; therefore, the Court applies a 4 point adjustment for pattern of activity per 4B1.5.

The Court finds that the application of the multiple count adjustment and pattern of practice adjustment does not violate multiple counting analysis, but is necessary to reflect the full extent of wrongfulness of the defendant's conduct.

The Court finds that the vulnerable victim guideline does not apply in this case because the charging statutes were designed to protect victims of low socioeconomic status. See *U.S. v. Castaneda*, 239 F3d 978, 982-83 (9th Cir. 2001).

The Court finds pursuant to 18 U.S.C.§3553(a)(2) that there exists an aggravating circumstance that warrants an upward departure which has not been taken into consideration by the Sentencing Commission in formulating the guidelines. The aggravating circumstances are as follows:

- Subsequent to his arrest, a search of Defendant's apartment revealed over 100 photographs of naked Thai boys ranging in age from 14-16 years. Defendant prepared index cards containing the names and ages of the boys, including one entitled, "youngest boys," and others entitled, "new boys." The boys ranged in ages 7 to 18 years. The Defendant kept handwritten daily journals, the writing covered almost the entire circumference of each page of both the front and back. The entries included graphic descriptions of prohibited sexual conduct with boys

and payment for sex.

- Defendant kept monthly ledgers beginning in 1999 continuing through 2005, which contained the names of boys, age, date of conduct and how much was paid.

- Defendant admits engaging in prohibited sexual activity with over 200 boys, which is 20 times the number set by the Sentencing Commission. The extraordinary number of victims and the unquantifiable and enduring harm that they may suffer are aggravating factors. The statutory maximum penalty on both counts is 30 years each. Therefore, the Court finds that a 25-year sentence is consistent with the kinds of sentences available.

- The Court also finds the Defendant is a predator. The conduct took place over a five-year period and defendant admitted that he went to Thailand for the purpose of molesting minors.

Defendant also requested minors to find younger minors, which they did, and defendant molested those younger minors. Defendant's acts were extraordinary. The Court finds that the sentence imposed is not disparate and considers *U.S. v. Frank*, 599 F.3d 1221 (11th Cir. 2010).

The Court departs upward based on Section 2G1.3 and 5K.2.0.

Application Note 7 for Section 2G.1.3 provides for an upward departure when dealing with more than 10 victims. It is undisputed that we are dealing with more than 10 victims in this case.

1      Defendant has not articulated any plans upon release from prison, although in prison he is engaged in a number of activities, received a number of certificates, and the Court has considered those in imposing a sentence.

     The Court considered the factors in 18 U.S.C. §3553(a), as described on the record at the sentencing hearing.

THE COURT SO FINDS.

DATED: September 24, 2010

By_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE