UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STEVEN ERIK PROWLER,<br><br>Defendant - Appellant. | No. 10-50379<br><br>D.C. No. 2:06-cr-00391-CBM-1<br>U.S. District Court for Central California, Los Angeles<br><br>MANDATE |

RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 1 8 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

The judgment of this Court, entered December 23, 2011, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                          FOR THE COURT:
                                          Molly C. Dwyer
                                          Clerk of Court

                                          Lee-Ann Collins
                                          Deputy Clerk



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 10-50379 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00391-CBM-1 |
| v. | |
| STEVEN ERIK PROWLER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and CONLON,** District Judge.

Defendant Steven Prowler appeals the district court's sentence of 300 months in custody and a lifetime of supervised release with multiple conditions. We affirm the custodial sentence as free from procedural error and substantively

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Suzanne B. Conlon, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

reasonable, and affirm the fourth, fifteenth and seventeenth conditions of supervised release. We vacate the fifth and ninth conditions of supervised release and remand so that the district court may conform them to its oral pronouncement of sentence.

The reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). When reviewing the reasonableness of a sentencing decision, we consider (1) whether there was procedural error and (2) whether the sentence is substantively reasonable. *Id.*

The district court did not commit procedural error by considering Prowler's diary, the victim impact statements, Prowler's admissions to the charged conduct as well as related conduct, or the nature of his charges. *See id.* (describing types of procedural error in sentencing). Prowler contends that the district court considered these matters as aggravating factors when they were actually mitigating circumstances or previously factored into the Sentencing Guidelines calculation. Prowler is incorrect. The district court referred only to the diary and the victim impact statements as "aggravating" factors, but it was the contents of those documents that the court considered aggravating. Prowler's admissions to the charged conduct and additional related conduct was not described as an aggravating factor, and the court's consideration of his admission was not error.

Finally, Prowler's objection to the district court's consideration of the nature of the charges is based on a misunderstanding of relevant Supreme Court precedent. *Spears v. United States*, 555 U.S. 261, 264 (2009) (affirming that district courts may vary from the Guidelines "based on an individualized determination that they yield an excessive sentence in a particular case").

The district court's 300-month sentence was substantively reasonable. Review of a sentence for substantive reasonableness requires examination of the length of the sentence in the context of the facts of the case and the factors that must be considered under 18 U.S.C. § 3553(a). *United States v. Dewey*, 599 F.3d 1010, 1016 (9th Cir. 2010). Prowler provides no convincing argument as to why his 300-month sentence is unreasonable in light of the facts and circumstances of his particular case.

Conditions of supervised release that Prowler failed to object to before the district court are reviewed for plain error. *See United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008).

There is no plain error in the district court's fourth condition of supervised release. The definition of "computers and computer-related devices" is not overbroad. The definition is "reasonably related" to the permissible § 3553(a) goal of protection of the public, because it focuses on limiting Prowler's access to the

Page 3 of 5

Internet. *Goddard*, 537 F.3d at 1089-90 (citing *United States v. Rearden*, 349 F.3d 608, 614, 620-22 (9th Cir. 2003)); *see also Rearden*, 349 F.3d at 621. Moreover, it is not a greater than necessary deprivation of Prowler's liberty. *See Goddard*, 537 F.3d at 1089-90 n.2 (affirming a definition nearly identical to that in the fourth supervised release condition).

There is equally no plain error in the district court's fifteenth and seventeenth conditions of supervised release. Although the district court erred in not conducting the proper preliminary inquiry required by U.S.S.G. § 5F1.5(a) before imposing these occupational restrictions, there was no prejudicial effect and therefore no plain error.

The district court added language to supervised release conditions five and nine in its written judgment that differed from the conditions imposed in the oral pronouncement of sentence. "In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this [c]ourt has uniformly held that the oral pronouncement, as correctly reported, must control." *United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998) (alteration in original) (internal quotation marks and citation omitted). We therefore vacate supervised release conditions five and nine and remand to the

district court to conform the written judgment to its oral pronouncement of sentence.

**AFFIRMED in part, VACATED in part and REMANDED.**