ORIGINAL



FILED
CLERK, U.S. DISTRICT COURT

JUL - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE NINTH CIRCUIT

## CENTRAL DISTRICT OF CALIFORNIA

STEVEN ERIK PROWLER,

Petitioner, <u>pro se</u>

vs.

UNITED STATES OF AMERICA,

Respondent

§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 10-50379

D.C. No. CR-06-391-CBM

CV-13-2827 CBM

<u>REQUEST TO</u>

<u>PRODUCE</u>  (Fed.R. Civ. P.34)

## PETITIONER'S FIRST REQUEST TO RESPONDENT

## FOR PRODUCTION OF DOCUMENTS/PHOTOS

## FOR INSPECTION AND PHOTOCOPYING

PLEASE TAKE NOTE that Steven Erik Prowler, Petitioner/Defendant, makes the following Request, pursuant to Rule 34 of the Federal Rules of Civil Procedure: Under Rule 34(b)(c), you are required to serve a written response to this request, indicating whether you will comply with each of the numbered items of Discovery below, no later than thirty (30) days after the date this request was served on you.

### DOCUMENTS REQUESTED

You are requested to produce the following documents for inspection and copying. Due to prison prohibitions on Petitioner/inmates' use of and access to electronic devices, all documents must be in the form of <u>paper hard copies</u>, packaged and sent via secure postal carrier, multiply stamped on outer envelope, "LEGAL MAIL - OPEN ONLY IN PRESENCE OF INMATE", with Court Clerk's name <u>hand-signed</u> on env-

1

elope, above return address, to ensure handling only by institution's
mail room staff.

Individual Items Requested

1. ENGLISH LANGUAGE TRANSLATION OF STATUTE/LAWS OF THAILAND REGARDING
   POLICE SEARCHES, SEARCH WARRANTS, AND SEIZURES OF PROPERTY IN RES-
   DENCES. [With this specific item request, Petitioner is also in-
   voking Fed. R. Crim. P. Rule 26.1 on Foreign Law Determination,
   which stipulates, "A party intending to raise an issue of foreign
   law must provide the court and all parties with reasonable written
   notice," and Rule 44.1 on Determining Foreign Law, which stipu-
   lates, "A party who intends to raise an issue about a foreign
   country's law must give notice by a pleading or other writing."]
   Reason for Request: Petitioner must ascertain if the search and
   seizures of property from his apartment in Bangkapi, Bangkok Thai-
   land on May 10, 2005 were conducted in accordance with that nat-
   ion's laws and/or Constitution. Foreign law and adherence thereto
   is a fundamental issue in this case, and is a factor in the deter-
   mination of the validity of the search and admissibility of
   evidence.

   RESPONSE TO REQUEST NO. 1: _____

   _____

2. E-MAIL AND OTHER WRITTEN COMMUNICATIONS BETWEEN ROYAL THAI POLICE
   (RTP) AND IMMIGRATION CONTROL AND ENFORCEMENT (ICE) REGARDING
   SURVEILLANCE, SEARCH AND SEIZURE, AND INTERROGATIONS OF PETITIONER
   Reason for Request: Petitioner must ascertain the nature and scope
   of the respective nations' joint venture in these operations.

   RESPONSE TO REQUEST NO. 2: _____

3. E-MAIL AND OTHER WRITTEN COMMUNICATIONS BETWEEN ROYAL THAI POLICE (RTP) AND U.S. GOVERNMENT LAW ENFORCEMENT REGARDING EXTENT OF ITEMS SEIZED BY INDIVIDUAL OFFICERS, INCLUDING BUT NOT LIMITED TO TITLES OF ALL NON-CONTRABAND PUBLICATIONS

Reason for Request: Petitioner must ascertain the scope of the joint venture search and seize; as well as scope of seizure of non-contraband property.

RESPONSE TO REQUEST NO. 3: _____

4. DOCUMENTS REGARDING DEFENDANT'S PASSPORT REVOCATION AND GOVERN-MENT'S PLANS/REPORTS OF HIS EXPULSION FROM THAILAND

Reason for Request:  Petitioner must ascertain to what degree U.S. law enforcement (notably Dept. of State) was active in squelching his procedural Due Process rights in not being accorded requisite appeals hearings. Denials of Due Process could have a mitigating effect on any future resentencing considerations

RESPONSE TO REQUEST NO. 4: _____

5. DOCUMENTS CURRENTLY HELD BY DEPARTMENT OF STATE, JUSTICE, F.B.I. AND OTHER LAW ENFORCEMENT REGARDING DEFENDANT'S PROSECUTION THAT HAVE BEEN SOUGHT VIA PREVIOUS F.O.I.A. REQUESTS.

Reason for Request: Petitioner must ascertain to what degree U.S. law enforcement (notably Dept. of State) were active in planning, coordinating or contributing to defendant's entire scope of pros-

3

ecutorial actions, from initial surveillance through expulsion from Thailand. Proof of denial of procedural Due Process rights could have a mitigating effect on any future resentencing considerations, and further clarify extent of Joint Venture with Thai law enforcement. All previous attempts to secure the above-mentioned information via Freedom of Information (F.O.I.A.) requests have resulted in little but stalling and bureaucratic "passing of the buck".

RESPONSE TO REQUEST NO. 5: _____

_____

## PHOTOGRAPHS REQUESTED

You are requested to produce the following photographs or suitable copies thereof, in paper hard copy form:

1. STILL PHOTOS TAKEN AS SUCH OR DERIVED FROM VIDEO TAPES, SHOT DUR-ING JOINT POLICE RAID AND SEARCH OF DEFENDANT'S APARTMENT. THESE IMAGES SHOULD DEPICT ALL OF THE AGENTS FROM BOTH ICE AND THE RTP WHO WERE PRESENT.

Reason for Request: Clear photos of the police search should depict and/or clarify the extent of the Joint Venture of both nations' law enforcement efforts. Proof of joint venture is a necessary component toward consideration of a Suppression Motion.

RESPONSE TO REQUEST NO. 6: _____

_____

"A party served with a Request to Produce must serve a written response to the request, and must do so within 30 days of the request, unless there is some court order or stipulation of the par-

ties expanding or shortening that time. The due date for the written response to the request is crucial because, if objections are not made in a timely manner, the court may conclude that the responding party waived them. Rule 34 does not expressly provide for a waiver if the response to a request for production is not served in a timely manner, unlike with Rule 33(b)(4), which is explicit that a waiver occurs. However, virtually all of the courts that have considered the matter have concluded that Rule 34 includes a similar automatic waiver of objections and claims of privilege as does Rule 33." [quoted from Rule 34 subsections]

Lastly, please take note that, in addition, Petitioner affixes a Memorandum in Support of this Request for Documents/Photographs, in hopes that Respondent will comply in a timely manner pursuant to Fed. R. Civ. P. 34.

Dated: June 26th, 2013

Steven Erik Prowler
Petitioner, pro se

5

UNITED STATES DISTRICT COURT

FOR THE NINTH CIRCUIT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN ERIK PROWLER, | § | Case No. 10-50379 |
| Petitioner, <u>pro se</u> | § | D.C. No. CR-06-391-CBM |
| | § | CV-13-2827 CBM |
| vs. | § | |
| UNITED STATES OF AMERICA, | § | <u>Memorandum For</u> |
| Respondent | § | <u>Request To Produce</u> |

<u>MEMORANDUM IN SUPPORT OF PETITIONER'S REQUEST</u>

<u>FOR PRODUCTION OF DOCUMENTS/PHOTOS</u>

<u>FOR INSPECTION AND PHOTOCOPYING</u>

COMES NOW, Petitioner/Defendant, Steven Erik Prowler, submitting
to this Honorable Court this Memorandum in Support of his Request
For Production of Documents/Photos.

<u>Habeas Corpus Rule 6(b)</u> as amended in 2004, requires that "[a]
party requesting discovery. . .provide reasons for the request. The
memorandum or affidavits in support of a motion for discovery should
identify the claim(s) on which the party is seeking discovery and
explain why the full factual development of the claim requires the
requested discovery. The discovery applicant also should explain why
prior. . proceedings in the case did not adequately develop the
information sought and why the applicant is not at fault for inade-
quacies in the court record. Typically, the courts insist upon a
specific but not overly detailed explanation of the connection bet-
ween the requested discovery and the claims at issue. You must also

1

state what you hope to find in these records, or how they would
help you prosecute your motion."

Explanatory comments on Fed. Rule of Civil Procedure 34 state
that "Rule 34 requests for documents or other stored information are,
in modern practice, reserved for situations in which a party sus-
pects that an opponent has documents, electronically stored informa-
tion or tangible things that the opponent does not want to use in the
case, and therefore, will not be voluntarily disclosing."

Pursuant to Habeas Corpus Rule 6, Petitioner herewith puts forth
the following facts and case citations in support of his request for
specific documents and  photographs:

1. Petitioner states that the documents requested in Item No. 1 are
crucial since defense counsel failed to raise and explore the issue
of foreign (Thai) law on search warrants, nor did he investigate
whether Thai law on search warrants and building searches was vio-
lated in the search and seizure on May 10, 2005.

2. Petitioner states that the documents requested in Item Nos. 2 and 3
are crucial to developing and substantiating his arguments regarding
Joint Venture of U.S. and Thai law enforcement in surveillance, search,
seizure, and interrogations of defendant on May 10 and May 11, 2005,
since defense counsel failed to properly and sufficiently investigate
the Joint Venture and collaboration between Thai and U.S. law enf-
orcement.

3. Petitioner states that the documents requested in Item No. 4 are
needed since defense counsel allegedly never received them either,
nor did he pursue the pertinent procedural Due Process violations by
U.S. authorities and cooperative U.S.-Thai authorities.

2

4. Petitioner states that documents requested in Item No. 5 were
never presented to him after repeated Freedom of Information Act
(FOIA) requests. One or more of these documents could conceivably
contain factual data that would be beneficial for the defendant or,
conversely, disclose previously unknown law enforcement/prosecu-
torial errors or misconduct.

5. Petitioner states that photographic depictions of law enforce-
ment involved in the raid and search of apartment (aside from the
items included in original Discovery package for Public Defender)
would provide uncontestable evidence of the Joint Venture search-
and-seize, which was not suitably or properly investigated by
defense counsel.

6. In further support of Petitioner's Request to Produce Documents
for Discovery, a number of prior court decisions pertaining to Dis-
covery in habeas corpus and § 2255 motions are cited herewith:(See
also Federal Habeas Corpus Practice and Procedure, R. Hertz and J.S.
Liebman, Ch.19, Prehearing Fact-Development Procedures, § 19.4)
Bracy v.Gramley, 520 U.S. 899, 904 (1997) ("habeas petitioner,unlike
the usual civil litigant in federal court, is not entitled to dis-
covery as a matter of ordinary course," but "discovery [is] avail-
able under the Federal Rules of Civil Procedure. . .for good cause
shown" (quoting then-existing language of Rule 6(a) of the Rules
Governing Section 2254 Cases in the United States District Courts);
Lonchar v. Thomas, 517 U.S. 314, 326 (1996) (discussing Habeas Rule
6(a); Payne v. Bell, 89 F. Supp. 2d 967, 970, 971-76 (W.D. Tenn.
2000) (granting petitioner's requests to serve interrogatories on
state, obtain documents in state's possession, and depose assistant

3

district attorney: "Once good cause is shown [under Habeas Rule 6(a)], a habeas petitioner may avail himself of the discovery procedures permitted by the Federal Rules of Civil Procedure, including the use of interrogatories, depositions, document requests, and requests for tangible evidence."; Keeney v. Tamayo-Reyes, 504 U.S. 1, 14-15 (1992) (O'Connor, J., dissenting) ("once a claim is properly before the district court. . .a habeas petitioner [should be treated]. . .like any civil litigant" for purposes of "right to a hearing [or, presumably, any other fact-development procedure] where [the procedure] is necessary to prove the facts supporting his claim"; Payne v. Bell, supra, 89 F. Supp. 2d at 970 ("Petitioner need not show that the additional discovery would definitely lead to relief. Rather, he need only show good cause that the evidence sought would lead to relevant evidence regarding his petition.")

7. Lastly, Petitioner herewith cites U.S. v. Karake, 443 F. Supp. 2d 8 (2006), U.S. District Court for the District of Columbia, U.S. Dist. LEXIS 58032, in which U.S. District Judge Ellen Segal Huvell's remarks regarding Discovery in this case are particularly noteworthy (regarding extradition of defendants from Rwanda to the U.S.): "Defendants are entitled to seek information to support their claim, as it is crucial to their ability to file motions to suppress defendants' statements made abroad, and may reveal mitigating evidence arising from the circumstances of their extradition. . .defendants are entitled to evidence that may demonstrate cooperation between the United States and Rwandan governments sufficient to reveal an agency relationship so that they can, if appropriate, raise constitutional challenges. . .The government must disclose any evidence

4

it has, or can obtain by good faith efforts, that Rwandan officials or any other foreign officials were operating as agents of the United States government. . .the government shall use its best efforts to obtain the disclosures ordered to the extent that the information is not in its possession, custody and/or control. . ."

## CONCLUSION

Based on the foregoing facts, arguments, court citations, and the record in this case, this Honorable Court is respectfully urged to decide favorably on Petitioner's Request For Production of Documents/Photos For Inspection and Photocopying, pursuant to Habeas Corpus Rule 6 and Federal Rule of Civil Procedure 34.


Steven Erik Prowler
Petitioner, pro se


## DECLARATION

I certify, under penalty of perjury, pursuant to 28 U.S.C. 1746 (2) that the foregoing is true and correct.

Executed on this 26th day of June, 2013.


Steven Erik Prowler
Petitioner, pro se

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2013, I deposited one (1) original and two (2) suitable copies of Petitioner's Request For Production of Documents/Photos For Inspection and Photocopying, as well as one (1) original and two (2) suitable copies of Memorandum in Support of Petitioner's Request For Production of Documents/Photos For Inspection and Photocopying, pursuant to Habeas Corpus Rule 6 and Federal Rule of Civil Procedure 34. for mailing.

These documents were deposited in the prison institutional mail system, postage prepaid, via first-class certified mail, addressed to:

> Clerk of the Federal District Court
> United States District Court
> Central District of California
> 312 North Spring Street
> Los Angeles, California 90012

*Steven Erik Prowler*
Steven Erik Prowler
Petitioner, pro se

## DECLARATION

I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746(2) that the foregoing is true and correct.

Executed on this 26th day of June, 2013.

*Steven Erik Prowler*
Steven Erik Prowler
Petitioner, pro se

6